THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME HOLLOWAY, Appellant. [823 NYS2d 17]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered June 9, 2005, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of nine years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his plea. At the time defendant pleaded guilty, the prosecution failed to disclose that the arresting officer was the subject of an ongoing investigation. As a result of the investigation, the officer was arrested and charged with bribe receiving and related crimes days after defendant had entered his plea. We conclude that the nondisclosure does not require vacatur of the plea. The information concerning the officer's misconduct in a case that was completely unrelated to defendant's did not tend to establish defendant's innocence. Rather, the information constituted impeachment material, and the Supreme Court of the United States has concluded that, at least with respect to a preindictment plea, "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant" (*United States v Ruiz*, 536 US 622, 633 [2002]). Furthermore, disclosure of this impeachment material could not have altered defendant's decision to plead guilty in light of the strong evidence against him and the favorable plea offer presented by the prosecution (*see People v Martin*, 240 AD2d 5, 8-10 [1998], *lv denied* 92 NY2d 856 [1998]). In particular, we note that the arresting officer was not even a necessary witness. The only admissible testimony that he could have given at trial was that he made an arrest, took a completely exculpatory statement from defendant, and conducted a lineup (*see People v Fernandez*, 249 AD2d 3 [1998], *lv denied* 92 NY2d 897 [1998]).

We also reject defendant's request for a remand for the purpose of reopening the suppression hearing. Although the officer in question was the sole witness at the hearing, we conclude that the impeachment material could not have changed the result. The hearing involved a standard lineup with no indicia of suggestiveness. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.