▪ The People of the State of New York, Respondent, v Davon White, Appellant. [964 NYS2d 34]—

Judgment, Supreme Court, Bronx County (Robert G. Seewald, J. at plea; John Collins, J. at sentencing), rendered March 18, 2011, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of three years, unanimously affirmed.

The sentencing court properly denied defendant's motion to withdraw his plea (*see generally People v Frederick*, 45 NY2d 520 [1978]). The motion was based entirely on postplea information about a testing chemist's misconduct, which allegedly undermined the People's ability to prove the identity of the drugs defendant sold. This information did not tend to establish defendant's innocence. Instead, it constituted impeachment material (*see People v Holloway*, 33 AD3d 442 [1st Dept 2006], *lv denied* 7 NY3d 902 [2006]).

Furthermore, the People assured the court that they could

have still established the identity of the drugs by way of several forms of untainted evidence. "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (*People v Fiumefreddo*, 82 NY2d 536, 544 [1993]). Accordingly, the sentencing court was not obligated to conduct a minitrial on the issue of the identity of the drugs.

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]). Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence. Concur—Tom, J.P., Sweeny, Saxe, Román and Feinman, JJ.